CRICHTON, J.,
additionally concurs and assigns reasons:
hi agree with the conclusion reached by the majority; however, I write separately to emphasize the exceedingly rare circumstances of this matter which, in my view— and importantly, the view of the trial judge who heard evidence in this case—warrants recusal of the Orleans District Attorney.
Louisiana Code of Criminal Procedure article 61 imbues the district attorney with “the entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute,” and, in accord with this awesome power granted by the legislature, I believe that recusal of a district attorney should be limited to only the most extraordinary cases. However, I believe this matter falls into that category.
The district attorney, through his assistant district attorneys, is a party in almost all cases in Judge White’s division. While Judge White[1] and the Orleans Parish Dis *280 trict Attorney are outspoken critics of each other and often cast as adversaries by local media, Judge White nevertheless has a professional relationship with the District Attorney. It is, indeed, a relationship which provides her with direct access to him and his office; in fact, she formally— and repeatedly—requested an upgrade of the original charge, to which he ultimately acceded. At a | 2minimum the appearance of access, power, and influence is present in this case. In accordance with La. C.Cr.P. art. 671 and recognizing public perception and the appearance of impropriety, all of the other 12 judges of Orleans Criminal District Court issued orders of self-recu-sal. Given the circumstances exacerbated by the extensive and somewhat obnoxious media attention created by these two members of the criminal justice system, I believe that the appointed ad hoc judge properly decided this issue and that the court of appeal erred in its reversal.
As noted in my concurrence in State ex rel. Morgan v. State, 15-0100 (La. 10/19/16), _ So.3d _, 2016 WL 6125428, we take a solemn oath to uphold the laws of this state. Louisiana law insists on a fair and impartial administration of justice in all matters. Por reasons assigned, the exceedingly rare recusal of the Orleans District Attorney and the appointment of the Louisiana Attorney General are warranted in this case. The integrity and the reputation of our judicial system demands no less.
GENOVESE, J.,
11 Would deny the writ.

. While the issue in this case is the defendant’s recusal motion, Judge White testified that she does not believe that she can get a fair trial and has no objection to the defendant’s motion. Specifically, she testified under oath that she "does not like him (the district *280 attorney), and is afraid his office’s handling of the matter will benefit the defendant.”